UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01797-JVS (KES) | Date | November 20, 2023 |
| Title | Gabrielle Lawton v. Hyundai Motor America, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
| Erica Bustos for Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Remand [16]**

Plaintiff Gabrielle Lawton ("Lawton") moves to remand this action to the Superior Court of the State of California. (Mot., Dkt. No. 16.) Defendant Hyundai Motor America, Inc. ("Hyundai") opposed the motion. (Opp'n, Dkt. No. 19.) Lawton replied. (Reply, Dkt. No. 20.)

For the following reasons, the Court **DENIES** the motion to remand.

**I. BACKGROUND**

Lawton filed this action in the Superior Court of the State of California in Orange County on September 15, 2023, against Hyundai. (Dkt. No. 16, Exs. A–F.) However, the Superior Court did not issue a summons to Lawton until September 28, 2023. (Id.) Lawton served Hyundai on September 29, 2023. (Id., Ex. F.) Lawton brought claims for negligence, strict product liability, and breach of implied warranty. (Compl., Dkt. No. 16, Ex. E ¶¶ 47–68.)

On September 20, 2023, Hyundai removed the action to federal court under 28 U.S.C. § 1332(a), diversity jurisdiction. (Notice of Removal, Dkt. No. 1.) Hyundai asserted that there is complete diversity of citizenship between Lawton and itself, and the amount in controversy exceeded $75,000. (Id. at 1–2.)

In response, Lawton filed this motion to remand the case back to Superior Court, arguing Hyundai's removal was premature and defective. (Mot. at 7–8.) Hyundai disagrees and argues that no federal statute bars removal jurisdiction in a complete diversity case where a forum-state defendant has not been served. (Opp'n at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01797-JVS (KES)                                   Date   November 20, 2023

Title    Gabrielle Lawton v. Hyundai Motor America, Inc. et al.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

An exception to removal known as the forum-defendant rule also provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). "The [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." Friedenberg v. Lane Cnty., 68 F.4th 1113, 1121 (9th Cir. 2023) (quoting Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014)). Thus, "[a]lthough the time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect . . . by sitting on his rights." Id.

## III. Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01797-JVS (KES) | Date | November 20, 2023 |
| Title | Gabrielle Lawton v. Hyundai Motor America, Inc. et al. | | |

As stated above, an exception to removal known as the forum defendant rule provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The plain language of the statute makes clear that only if a forum defendant has been "properly joined and served" may an action not be removed. Dechow v. Gilead Scis., Inc. 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019). Thus, the text of § 1441(b)(2) is unambiguous. Id.

Based on the statute's plain text, "it follows that Congress did not intend to prohibit removal by in-state defendants who have not been properly joined and served." Id. "While the Ninth Circuit has yet to determine whether this approach is proper with respect to Section 1441(b)(2)," "[a]dopting any other interpretation of the statute would violate the Court's mandate to enforce a statute according to its text." Id. Thus, "when the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms." Lamie v. United States Tr., 540 U.S. 526, 534 (2004).

Here, Lawton argues that Hyundai "prematurely removed this case before service could have been completed."[1] (Mot. at 3.) Lawton contends that she was unable to serve her Complaint to Hyundai without a summons issued by the Superior Court. (Id.) Specifically, Lawton filed her Complaint with the Superior Court on September 15, 2023. (Id., Ex. A.) On September 20, 2023, Hyundai removed the action to federal court.

---

[1] Lawton does not dispute that complete diversity exists between her and Hyundai. (See generally Mot.; Reply.) Lawton briefly argues that the forum defendant rule bars removal because Hyundai filed its state-court removal papers after it was served. (Mot. at 11.) However, the Ninth Circuit has held that "[c]hallenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed." Spencer v. United States Dist. Court, 393 F.3d 867, 871 (9th Cir. 2004). "When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand." Id.; see also Gutierrez v. Empire Mortg. Corp., No. 10-79, 2010 U.S. Dist. LEXIS 47358, at *5–6 (E.D. Cal. Apr. 21, 2010) (finding that "when a defendant files a notice of removal in federal court and sometime later files the notice in state court, the two courts share concurrent jurisdiction until the notice is filed in state court, which divests the state court of jurisdiction"). Thus, the Court finds that the delay in filing the notice of removal in state court does not bar removal and warrant remand. Lawton does not dispute that Hyundai satisfied all other procedural requirements for removal. (See generally Mot.; Reply.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01797-JVS (KES) | Date | November 20, 2023 |
| Title | Gabrielle Lawton v. Hyundai Motor America, Inc. et al. | | |

(Notice of Removal.) However, the Superior Court did not issue Lawton a summons until September 28, 2023. (Mot., Ex. D.) On September 29, 2023, Lawton served Hyundai with the Civil Cover Sheet, Complaint, Summons, and Notice of Deposit of Jury Fees. (Id., Ex. F.) In response, Hyundai argues that the exception to the forum defendant rule applies because Hyundai removed the case before it was "properly joined and served." (Opp'n at 2.) Hyundai further contends that courts within this District have followed the plain language of § 1441(b)(2). (Id. at 2–3.)

Lawton relies on Vallejo v. Amgen, Inc., No. CV 13-3666, 2013 U.S. Dist. LEXIS 199494 (C.D. Cal. Aug. 30, 2013), to support her argument. In Vallejo, the court found that adopting a literal interpretation of the "properly joined and served" clause based on the facts "would permit a result in this case that is absurd." 2013 U.S. Dist. LEXIS 199494, at *7. Additionally, in Dechow, the court "recognize[d] that there are differing factual scenarios that may impair or restrict proper service, where applying the plain meaning interpretation of § 1441(b)(2) could produce 'absurd or bizarre results.'" 358 F. Supp. 3d at 1055. "In such situations, barring removal under Section 1441(b)(2) may be the proper approach which requires fact intensive inquiry." Id. However, the court in Dechow still refused to remand the case back to Superior Court. Id. Thus, while some district courts have found that pre-service removal is absurd, other district courts have not because the plain language of § 1441(b)(2) states that it only applies when defendants have been "properly joined and served." See, e.g., Zirkin v. Shandy Media, Inc., No. 2:18-cv-9207, 2019 U.S. Dist. LEXIS 24540 (C.D. Cal. Feb. 14, 2019) (finding that "the Court is unwilling to effectively erase language from a statute by ignoring the language 'and served' in the Forum Defendant Rule and tread dangerously into legislative province"); Cucci v. Edwards, 510 F. Supp. 2d 479, 483 (C.D. Cal. 2007) (finding that the forum defendant rule "did not apply" because "service could not have been complete" until after defendant filed for removal); Choi v. Gen. Motors, LLC, No. CV 21-5925, 2021 U.S. Dist. LEXIS 172291, at *11–12 (C.D. Cal. Sept. 9, 2021) ("If Congress addressed what it may have viewed as problematic gamesmanship by amending Section 1441(b)(2), Congress may do so again here if it finds the practice [defendant] has engaged in problematic enough, and frequent enough in-operation, to legislate against."); H.K. Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc., No. CV 22-571, 2023 U.S. Dist. LEXIS 53418, at *10 (C.D. Cal. Mar. 28, 2023) ("Permitting snap removal is neither absurd nor in conflict with the intent of Congress.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01797-JVS (KES) | Date | November 20, 2023 |
| Title | Gabrielle Lawton v. Hyundai Motor America, Inc. et al. | | |

"[I]t is clear that reasonable minds differ on whether a plain meaning interpretation of the Forum Defendant Rule produces absurd results." Zirkin, 2019 U.S. Dist. LEXIS 24540, at *9. As stated above, the plain language of § 1441(b)(2) is unambiguous. Given the lack of binding Supreme Court and Ninth Circuit precedent on pre-service removal by a forum defendant, the Court is unwilling to rewrite the unambiguous statute by ignoring the word "served" in § 1441(b)(2). It is up to Congress, not the Courts, to rewrite the statute. See Guo Xi v. INS, 298 F.3d 832, 839 (9th Cir. 2002) ("Should Congress decide that differential treatment is in order, it can amend the statute, subject to constitutional considerations. But a decision to rearrange or rewrite the statute falls within the legislative, not the judicial, prerogative.").

Despite the unambiguous language of § 1441(b)(2), Lawton argues that the Court should deviate from a literal interpretation of the statute to prevent gamesmanship and grant Lawton a "meaningful opportunity to serve" Hyundai.[2] (Mot. at 12–17.) However, as stated above, the Court cannot ignore the plain, unambiguous text of the statute to admonish Hyundai's tactics in removing this case. As other courts in this District have found, if Congress disapproves of the practice that Hyundai has engaged in, Congress can amend § 1441(b)(2) to prohibit removal in cases such as this one. See, e.g., Dechow, 358 F. Supp. 3d at 1054 ("Adopting any other interpretation of the statute would violate the

---

[2] To support her argument, Lawton relies on a few out-of-circuit district court cases, which the Court declines to follow. (Mot. at 12–17.) Lawton also cites some California district court cases. (See id.) However, those cases all refused to follow the plain language of § 1441(b)(2) and instead relied on the general purpose of the statute. See, e.g., Vallejo, 2013 U.S. Dist. LEXIS 199494, at *6–7 (refusing to adopt a "literal interpretation of § 1441(b)(2)" because it "would permit a result in this case that is absurd"); Mohammed v. Watson Pharms. Inc., No. SA CV9-79, 2009 U.S. Dist. LEXIS 31094, at *12–13 (C.D. Cal. Mar. 26, 2009) (departing from "a plain meaning interpretation of the statute" because it "produces unreasonable results at variance with the policy of the legislation"); Austin v. AstraZeneca Pharms., LP, No. 13-1544, 2013 U.S. Dist. LEXIS 202582, at *6–7 (C.D. Cal. Apr. 22, 2013) (failing to apply "a literal reading of § 1441(b)" because "permitting removal under § 1441(b) by a non-forum defendant before any defendant has been served is not in keeping with the purpose of the forum defendant rule"); Clifford v. Davidson, No. 2:18-5052, 2018 U.S. Dist. LEXIS 130994, at *11 (C.D. Cal. Aug. 2, 2018) (refusing to adopt the "plain language of the statute" because the plaintiff did not have "a meaningful opportunity to serve the defendant"); Mass. Mut. Life Ins. Co. v. Mozilo, No. 2:12-cv-3613, at *4 (C.D. Cal. June 28, 2012) (refusing to adhere to the "plain meaning of the statute" because it would "eviscerate the purpose of the forum defendant rule" (internal quotation marks omitted)). For reasons discussed above, the Court declines to follow the holding in the aforementioned district court cases. It is not the Court's role to add to or ignore the statute's unambiguous text.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01797-JVS (KES) | Date | November 20, 2023 |
| Title | Gabrielle Lawton v. Hyundai Motor America, Inc. et al. | | |

Court's mandate to enforce a statute according to its text."); Choi, 2021 U.S. Dist. LEXIS 172291, at *12–13 ("It is no answer to say that courts should require that a plaintiff at least have a reasonable opportunity to effect service of process upon a local defendant before allowing a defendant to 'beat the clock' by removing before such service occurs. There is nothing in the statute that speaks to that principle, and courts would be left judging what a reasonable-opportunity-to-serve is with no statutory groundrules."). Until then, the Court cannot read language in § 1441(b)(2) that does not exist.

Acknowledging the district court split and no binding Ninth Circuit precedent on pre-service removal by an in-state defendant, the Court declines to depart from the plain language of § 1441(b)(2) and finds that Hyundai removed the case before it was "properly joined and served." To be sure there is a problem, but Congress should cure the problem which it created–not this Court.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to remand.

**IT IS SO ORDERED.**